## Commonwealth v. Iddings

*A. Ted Hudock,* for the Commonwealth.
*David A. Whitney,* for defendant.

SNYDER, *P.J.,* April 23, 1986—This is an appeal from a conviction of disorderly conduct. After a trial de novo we find the defendant not guilty.

### FACTS

Defendant, while attending a meeting of the Snyder Township Board of Supervisors (board) on June 27, 1985 at which 10 to 12 persons were present, became dissatisfied with a decision of the chairman of the board. He expressed his displeasure by be-

coming loud and boisterous, used profane language and refused to abide by the chairman's order to sit down and permit the meeting to proceed. In order to restore order and get on with the business of the meeting, the chairman had defendant physically removed from the meeting room and taken outside the building. Defendant nevertheless continued to use loud, boisterous language that could still be heard in the meeting place. The persons present at the meeting were annoyed and possibly alarmed by defendant's conduct.

## DISCUSSION

A person is guilty of disorderly conduct if it is found beyond a reasonable doubt that:

". . . with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(1) engages in fighting or threatening, or in violent tumultuous behavior;

"(2) makes unreasonable noise;

"(3) uses obscene language, or makes an obscene gesture; or

"(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. §5503.

While defendant's conduct is certainly reprehensible and caused public annoyance and/or alarm, his conduct is not any of the four prohibited types of behavior listed above.

There was no evidence presented that defendant engaged in fighting or threatening. Nor were his actions violent or tumultuous.

Although he was loud and boisterous, that alone will not necessarily support a finding of disorderly

conduct. See Commonwealth v. Greene, 410 Pa. 111, 189 A.2d 141 (1963), where the operation of a go-cart race track was found to be loud and boisterous but did not constitute the crime of disorderly conduct. See also Commonwealth v. Weiner, 230 Pa. Super. 245, 326 A.2d 896 (1974), where a defendant was found guilty of disorderly-conduct for persistently using a loudspeaker in a residential area after several warnings to desist because "peacable residents" had been disturbed and complained. Although the disorderly-conduct statute has been revised since these cases were decided, it is significant to note that in rendering their decisions both courts found that to support a conviction of disorderly conduct, the noise created must be more than simply loud and boisterous. This reasoning has been cited with approval by the Pennsylvania Supreme Court since the revision of the disorderly conduct statute. See Commonwealth v. Mastrangelo, 489 Pa. 254, 414 A.2d 54 (1980).

Under the circumstances in the instant case, the volume and content of defendant's speech, albeit inappropriate, was not at the level of being "unreasonable" as that word has been interpreted by the courts of this Commonwealth. See, e.g., Commonwealth v. Koch, 288 Pa. Super. 290, 431 A.2d 1052 (1981), where the noise complained of was the constant barking of dogs housed in a kennel owned by defendant in a rural community. The court, in finding defendant not guilty of disorderly conduct, reasoned that the mere production of noise alone does not make out the crime of disorderly conduct and that the continuous barking of dogs, albeit most annoying, did not "break the public peace" or "disturb the peace and dignity of the community." See also Commonwealth v. Weiner, supra, where it was

held that for noise to constitute disorderly conduct, it must be "unseemly" or "not fitting or proper in respect to the conventional standards of organized society, or a legally constituted community."

As to defendant's use of the phrase "sons of bitches," we believe that while that phrase may be classified as profanity, it cannot be considered to be an obscenity. Cf., Commonwealth v. Pringle, 304 Pa. Super. 67, 450 A.2d 103 (1982), where in calling police officers "goddamm fucking pigs" as a large crowd gathered at the scene of the arrest of her friend, defendant was found guilty of disorderly conduct for use of obscene language and/or "fighting words" which created a risk of public inconvenience, annoyance, alarm and incitation of lawless behavior and by their very utterance inflicted injury. See also Commonwealth v. Mastrangelo, 489 Pa. 254, 414 A.2d 54 (1980), where defendant was convicted of disorderly conduct for shouting such phrases as "fucking pig," "nigger lover" and "cocksucker" at a meter maid. In the instant case, there is no allegation that defendant made any obscene gesture.

Finally, although defendant's conduct may have been generally offensive to others in the meeting place, there is no evidence that defendant created a hazardous or *physically* offensive condition. See Commonwealth v. Jarboe, 12 D.&C.3d 554 (1979), where defendant's conduct of patrolling a public sidewalk adjacent to a hospital during a strawberry festival carrying a sandwich board depicting color photographs of aborted fetuses was *emotionally* offensive to the passerby, but was held not to constitute disorderly conduct because it did not create a *physically* offensive condition.

For the foregoing reasons, defendant is found not guilty.

## ORDER

And now, April 23, 1986, after a trial de novo on the charge of disorderly conduct, 18 Pa.C.S. §5503, defendant is found not guilty.